Ilsley, J.
This action is founded on a contract of lease, made in the city of Mobile, Ala.
There was judgment for the plaintiff, and the defendant has appealed.
The final judgment contains none of the reasons in which it was rendered.
■ A reason for a judgment, the 'one assigned in this case, viz: “When after hearing evidence and argument of counsel, and considering the law, evidence and argument,” is as much a reason for judgment in favor of defendant as of plaintiff. Police Jury v. Bozman, 11 A. 94 18 A. 360.
• The judgment therefore is unconstitutional, (Art. 76, tit. 5, Con. 1864) but this Court has the power to render in the premises, such judgment as the Court below should have rendered, there being in the record sufficient evidence to enable it to do so. Hatcher, Tutor, v. Dodd, 12 La. 143.
The lease is admitted, and it is not shown that any particular currency was stipulated, in which the rent was to be paid.
The defendant has only himself to blame, if the property leased was occupied by the military authorities, as he abandoned the leased premises. That defence therefore cannot avail him; even, as the plaintiff maintains, if the common law, “ regarding a lease as an absolute purchase for the time, would not justify the application of the maxim caveat emptor.”
We think the plaintiff has fully made out his case; and for the reasons here given, it is ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed, and proceeding to pronounce such judgment as should have been pronounced by the lower Coirrt for the reasons aforesaid, it is ordered, adjudged and decreed by this Court that there be judgment in favor of Jonathan Emanuel, the plaintiff, and against Charles F. Hatcher, the defendant, for the sum of twelve hundred *526 and seventy-five dollars, with, legal interest on four hundred and twenty-five dollars, from the 1st May, 1865, on four hundred and twenty-five dollars from the first of August, 1865, and on four hundred and twenty-five dollars from the first of November, 1865, the costs of the lower Court to be paid by the defendant, and those of. this Court by the plaintiff and appellee.'